**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **CENTRAL REFORM CONGREGATION** ) <br> ) <br>     **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **AFFILIATED FM INSURANCE** ) <br> **COMPANY,** ) <br> ) <br>     Serve: **Director of the Missouri** ) <br>     **Division of Insurance** ) <br>     **301 W. High Street, Room 530** ) <br>     **Jefferson City, MO 65101** ) <br> ) <br>     **Defendant.** ) | **Case No.** <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Central Reform Congregation ("CRC") states the following Complaint against Defendant Affiliated FM Insurance Company ("FM"):

**Parties, Venue and Jurisdiction**

1. CRC is a nonprofit corporation organized under the laws of the State of Missouri.

2. FM is an insurance company organized under the laws of Rhode Island, with its principal place of business in Rhode Island.

3. FM does business and is subject to personal jurisdiction in this district.

4. CRC and FM are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.  This Court has subject matter jurisdiction pursuant to 28 U.S.C § 1332.

1

5. FM resides in this district, the Property is situated in this district, and the events giving rise to the claim upon which this suit is based occurred in this district. Venue in this district is proper pursuant to 28 USC § 1391.

## General Allegations

6. This lawsuit results from FM's intentional delay in responding to, denial of, and failure and refusal to pay, a covered claim under a Commercial Property Insurance policy issued to CRC.

7. At all times material hereto, CRC was insured through a policy of insurance, Policy No. EM368, with FM effective January 25, 2012 through January 25, 2013 (the "Policy").

8. CRC has paid all premiums on the Policy, and the Policy was in full force and effect at all times material hereto.

9. On or about April 28, 2012, CRC's property located at 5020 Waterman Blvd., St. Louis, MO 63108 (the "Property") suffered damages resulting from a hail storm.

10. CRC timely notified FM of the loss.

11. On or about November 3, 2016, FM retained Grayco Roofing Consultants ("Grayco") to perform a roof survey and condition assessment report to evaluate damages attributable to hail impact.

12. Grayco issued a report on November 28, 2016, finding that various portions of the Property had been damaged by hail:

   a. "Scattered small dents were observed on the soft aluminum HVAC cooling fins."

   b. "Dents measuring up to 1" in diameter were observed on the soft aluminum exhaust flue caps."

  c. "Denting was observed on the aluminum coping caps installed on the perimeter walls."

  d. "Hail has fallen at this location in the past, this is evident by the denting of the soft metal accessories."

13. All conditions precedent to obtaining payment of benefits under the Policy have been complied with, met, waived, or otherwise satisfied.

14. Despite the significant, undeniable and obvious hail damage to several portions of the roof, FM refuses to pay CRC's claim.

15. FM has failed and refused to pay this claim without reasonable cause or excuse.

16. FM has denied coverage without reasonable cause or excuse.

## COUNT I
## (TO COMPEL APPRAISAL)

17. CRC re-alleges paragraphs 1 through 16, as if fully set forth herein.

18. This is an action to compel appraisal and appoint an umpire for the appraisal proceeding in accordance with the Policy sold by FM to CRC.

19. On or about November 3, 2016. FM retained Grayco to conduct an investigation of the damage to the Property.

20. Grayco issued its report on or about November 28, 2016, admitting the existence of several obvious hail impacts on several portions of the Property's roof.

21. Despite the Grayco report and the existence of hail impacts clearly visible to the naked eye, FM refused to honor CMC's claim or issue payment for the loss.

22. On or about May 11, 2017, in compliance with the Policy's appraisal provision, CRC sent FM a demand for appraisal.

23. On or about May 25, 2017, FM responded to CRC's request and reported its refusal to go to appraisal.

24. The Policy's appraisal provision, attached hereto as Exhibit A, requires FM to participate in the appraisal process when a disagreement as to the actual cash value or the amount of loss exists. The Policy's appraisal provision specifically provides:

> **Appraisal**
>
> In case the Insured and this Company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then, on request of the insured or this Company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; and failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this Company shall determine the amount of actual cash value and loss. Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally.

25. Based on the language of the appraisal provision, this Court has jurisdiction to appoint an umpire.

26. CRC has selected its appraiser and advised FM of his identity.

27. FM has refused to identify its appraiser or participate in the appraisal process.

28. CRC respectfully requests that this Court compel FM to participate in the appraisal process and identify its selected appraiser.

29. CRC respectfully requests that in accordance with the terms of the Policy, this Court appoint an umpire to preside over the appraisal process.

30. As a direct and proximate result of FM's refusal to pay the losses sustained by CRC, CRC has retained the services of the undersigned attorneys and is obligated to pay a reasonable fee for their services. CRC is requesting reasonable attorneys' fees and costs in this action pursuant to Missouri Statute § 375.420.

WHEREFORE, Plaintiff CRC respectfully requests that this Court:

A. Take jurisdiction of this matter and compel FM to participate in the appraisal process and identify its selected appraiser;

B. Appoint one of the individuals proposed by CRC, or, in the alternative, appoint an umpire in order to continue with the appraisal of the claim;

C. Award CRC its reasonable attorneys' fees and costs; and

D. Grant any and all such other and further relief as this Court may deem just and proper.

## COUNT II
### (FOR BREACH OF CONTRACT)

31. CRC re-alleges paragraphs numbered 1 through 30 as if fully set forth herein and further states:

32. This is an action against FM for damages caused by its breach of the Policy – an insurance contract between CRC and FM that was in effect on April 28, 2012 when the Property suffered damages during a hail storm.

33. The Policy provides coverage for any and all perils not specifically excluded under its terms.

34. The Policy provides coverage for damage caused by hail.

35. CRC suffered damage from hail on or about April 28, 2012.

36. CRC provided notice of its April 28, 2012 claim to FM.

37. FM has failed and refused to fully indemnify CRC for its April 28, 2012 hail loss.

38. FM's failure and refusal to fully indemnify CRC for its hail loss is a breach of the terms of the policy.

39. On or about May 11, 2017, CRC demanded appraisal under the terms of the Policy.

40. On or about May 25, 2017, FM responded to CRC's demand for appraisal with a correspondence announcing FM's refusal to participate in the appraisal process.

41. FM's noncompliance with the appraisal provision of the Policy is a breach of the terms of the parties' insurance contract.

42. As direct and proximate result of FM's breaches of the terms of the insurance contract, CRC has suffered and continues to suffer damages in excess of Seventy-Five Thousand Dollars ($75,000).

WHEREFORE, Plaintiff CRC prays this Court enter an award against Defendant FM of compensatory damages, consequential damages, pre-judgment interest, costs of this action, its reasonable attorneys' fees; and such other and further relief this Court may deem just and proper.

## COUNT III
**(FOR VEXATIOUS REFUSAL TO PAY)**

43. CRC re-alleges paragraphs numbered 1 through 42 as if fully set forth herein and further states:

44. Despite proper demand for payment of the coverage provided under the terms of the Policy, FM has failed, neglected, and refused to make full payment under the Policy.

45. FM's unjustified failure to indemnify CRC for its losses is part of its scheme to veraciously refuse to pay CRC's legitimate claim.

46. In response to FM's refusal to make payment, CRC requested appraisal in compliance with the terms of the Policy.

47. FM responded to CRC's written demand for appraisal by refusing to participate in the appraisal process.

48. FM's unjustified refusal to comply with the Policy's appraisal provision is part of its scheme to veraciously refuse to pay CRC's legitimate claim.

49. FM's vexatious refusal to pay CRC's claim is without just cause or excuse.

50. As a direct and proximate result of FM's breach of the parties' insurance contract and refusal to pay CRC's losses, CRC has suffered the following damages:

   a. Public Adjuster's fees associated with the representation of its claim;

   b. Costs related to the retention of experts;

   c. Attorneys' fees and costs; and

   d. Lost interest from insurance monies that should have been already been paid.

51. FM's refusal to pay CRC the amounts due and owing under the policy of insurance is vexatious pursuant to Missouri Statutes §§ 375.420 and 375.296 and CRC is entitled to additional damages provided by these statutes, including reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff CRC prays this Court enter an award against Defendant FM of compensatory damages, consequential damages, pre-judgment interest, costs of this action, attorneys' fees; and such other further relief this Court may deem just and proper.

**CRC DEMANDS A TRIAL BY JURY**

        Respectfully Submitted,

        SHER CORWIN WINTERS LLC

        /s/ Douglas J. Winters
        Douglas Winters #65284
        Sher Corwin Winters LLC
        190 Carondelet Plaza, Suite 1100
        Clayton, MO 63105
        dwinters@scwstl.com
        Telephone: 314-721-5200
        Fax: 314-721-5201

        *ATTORNEYS FOR CENTRAL REFORM CONGREGATION*