UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CENTRAL REFORM CONGREGATION, ) | |
| ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:17CV1790 HEA |
| ) | |
| AFFILIATED FM INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

**Introduction**

This matter is before the Court on Defendant's Motion to Dismiss, [Doc. No. 12]. Plaintiff opposes the Motion. Defendants have filed a Reply to the Opposition. For the reasons set forth below, the Motion is granted.

**Facts and Background**

Plaintiff's Complaint alleges the following:

Plaintiff is a nonprofit corporation organized under the laws of the State of Missouri. Defendant is an insurance company organized under the laws of Rhode Island, with its principal place of business in Rhode Island. Defendant does business in this district.

Plaintiff was insured through a policy of insurance, Policy No. EM368, with Defendant effective January 25, 2012 through January 25, 2013 (the "Policy"). Plaintiff has paid all premiums on the Policy, and the Policy was in full force and effect at all times material hereto.

On April 28, 2012, CRC's property located at 5020 Waterman Blvd., St. Louis, MO 63108 (the "Property") suffered damages resulting from a hail storm. Plaintiff timely notified Defendant of the loss.

On November 3, 2016, Defendant retained Grayco Roofing Consultants ("Grayco") to perform a roof survey and condition assessment report to evaluate damages attributable to hail impact. Grayco issued a report on November 28, 2016, finding that various portions of the Property had been damaged by hail:

a. "Scattered small dents were observed on the soft aluminum HVAC cooling fins."

b. "Dents measuring up to 1" in diameter were observed on the soft aluminum exhaust flue caps."

c. "Denting was observed on the aluminum coping caps installed on the perimeter walls."

d. "Hail has fallen at this location in the past, this is evident by the denting of the soft metal accessories."

All conditions precedent to obtaining payment of benefits under the Policy have been complied with, met, waived, or otherwise satisfied.

Despite the significant, undeniable and obvious hail damage to several portions of the roof, Defendant refuses to pay Plaintiff's claim.  Defendant has failed and refused to pay this claim without reasonable cause or excuse. Defendant has denied coverage without reasonable cause or excuse.

This is an action to compel appraisal and appoint an umpire for the appraisal proceeding in accordance with the Policy sold by FM to CRC.

Despite the Grayco report and the existence of hail impacts clearly visible to the naked eye, Defendant refused to honor Plaintiff's claim or issue payment for the loss.

On May 11, 2017, in compliance with the Policy's appraisal provision, Plaintiff sent Defendant a demand for appraisal.

On May 25, 2017, Defendant responded to Plaintiff's request and reported its refusal to go to appraisal.  The Policy's appraisal provision requires Defendant to participate in the appraisal process when a disagreement as to the actual cash value or the amount of loss exists. The Policy's appraisal provision specifically provides:

**Appraisal**

3

> In case the Insured and this Company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then, on request of the insured or this Company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; and failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this Company shall determine the amount of actual cash value and loss. Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally.

Plaintiff has selected its appraiser and advised Defendant of his identity. Defendant has refused to identify its appraiser or participate in the appraisal process.

Plaintiff's Complaint alleges a Count to Compel Arbitration (Count I); a Breach of Contract claim (Count II); and a Vexatious Refusal to Pay Claim (Count III).

Defendant moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.

## Motion to Dismiss Standard

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint. See *Carton v. General Motor Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010); *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). To

4

survive a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). To meet the plausibility standard, the complaint must contain "more than labels and conclusions." *Id*. at 555. Rather, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

A complaint must be liberally construed in the light most favorable to the plaintiff. Eckert v. *Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2006). The Court must accept the facts alleged as true, even if doubtful. *Twombly*, 550 U.S. at 555. Thus, a well-pleaded complaint may proceed even if it appears that recovery is very remote or unlikely. *Id.*; Young, 244 F.3d at 627.

"While courts primarily consider the allegations in the complaint in determining whether to grant a Rule 12(b)(6) motion, courts additionally consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned;' without converting the motion into one for summary judgment." *Miller v. Redwood Toxicology Lab, Inc.*, 688 F.3d 928, 931 & n.3 (8th Cir. 2012) (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed.

5

2004)).  It is also appropriate for the Court to consider "other materials necessarily embraced by the pleadings[.]" *Kuhns v. Scottrade, Inc.*, 868 F.3d 711, 715 (8th Cir. 2017).

## Discussion

**Count I**

Defendant moves to dismiss Count I for failure to state a claim because Plaintiff's Complaint specifically alleges that Defendant has denied coverage, and therefore, Plaintiff is not entitled to an appraisal.

Under Missouri law,

> "[a] provision in an insurance policy for the amount of the loss to be ascertained by appraisers in case of disagreement in relation thereto is binding and enforceable, and must be complied with before a right of action accrues to the insured." *Lance v. Royal Ins. Co.,* 259 S.W. 535, 535 (Mo. Ct. App. 1924). "[W]here the parties' disagreement is over *the amount of loss, appraisal is appropriate."* Certain Underwriters at Lloyd's, London Subscribing to Certificate No. IPSI 12559 v. SSDD, LLC*, No. 4:13-CV-193 CAS, 2013 WL 2403843, at *8 (E.D. Mo. May 31, 2013) (citing *Lance*, 259 S.W. at 535). Defenses and exclusions, on the other hand, are coverage issues, which cannot be resolved through the appraisal process. *See Am. Family Mut., Ins. Co. v. Dixon*, 450 S.W.3d 831, 836 (Mo. Ct. App. 2014) ("[A]ppraisal provisions in an insurance policy apply only if the dispute between the parties relates to the amount of the loss and not coverage." (citing *Hawkinson Tread Tire Serv. Co. v. Ind. Lumbermens Mut. Ins. Co.,* 362 Mo. 823, 245 S.W.2d 24, 24, 28 (1951))). Thus, the invocation of the appraisal provision would not abridge either party's right to challenge a coverage issue, including CIC's right to deny the claim. Nor did the appraisal provision, which divided the cost of appraisal equally, abridge the insured's potential rights under Missouri's vexatious refusal statute, Mo. Rev. Stat. § 375.420. As the Missouri Supreme Court has reasoned, "[t]he existence of a litigable issue, either factual or legal, does not preclude a vexatious penalty

where there is evidence the insurer's attitude was vexatious and recalcitrant." *DeWitt v. Am. Family Mut. Ins. Co.*, 667 S.W.2d 700, 710 (Mo. 1984). *Olga Despotis Tr. v. Cincinnati Ins. Co.*, 867 F.3d 1054, 1060–61 (8th Cir. 2017).(emphasis added).

In its Complaint, Plaintiff affirmatively alleges that its claim was denied. Thus, the allegations establish that the issue is not with regard to an amount of loss; rather, the alleged facts detail a denial of a claim. As such, Plaintiff is not entitled to seek to compel an appraisal. The motion to dismiss Count I is well taken.

**Counts II and III**

Defendant argues that Counts II and III fail because they do not sufficiently set out claims under the applicable pleading standards.

More fundamentally with respect to Count II, Plaintiff alleges that Defendant's noncompliance with the appraisal provision of the Policy is a breach of the terms of the insurance contract. As discussed, *supra*, Plaintiff has claimed that Defendant has denied coverage. The issue is not over the *amount* of the loss claimed, but rather the denial of any coverage. Since Plaintiff has not set out a proper appraisal claim, the alleged breach of the appraisal provision cannot survive the challenge. Count II will be dismissed.

Likewise, Plaintiff's vexatious refusal to pay[1] claim cannot be based on the nonexistent appraisal claim.  Count III is subject to dismissal as well.

## Conclusion

Based on the foregoing analysis, the Motion to Dismiss is well taken. Plaintiff will be given leave to file an Amended Complaint in accordance with this Opinion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 12] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Complaint is **DISMISSED.**

**IT IS FURTHER ORDERED** that Plaintiff is given 14 days from the date of this order to file an Amended Complaint.

Dated this 30th day of March, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

[1] Defendant attempts to argue that Plaintiff's clear scrivener's error of "veraciously" refusing to pay the claim demonstrates the count fails to state a claim.  The Court agrees with Plaintiff that this argument is unwarranted and unpersuasive.

8